34 C.C.P.A.(Patents)

## BASIC FOOD MATERIALS, Inc. v. KEYES FIBRE CO.

### Patent Appeals No. 5308.

Court of Customs and Patent Appeals.

June 3, 1947.

Oberlin, Limbach & Day, of Cleveland, Ohio (Edwin R. Hutchinson, of Washington, D.C., and Almon S. Nelson, of Richmond, Va., of counsel), for appellant.

---

Hall & Houghton, of Washington, D.C. (Joseph Y. Houghton, of Washington, D. C., of counsel), for appellee.

Before BLAND, Acting Presiding Judge, and HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in a trade-mark opposition proceeding from the decision of the Commissioner of Patents reversing the decision of the Examiner of Interferences dismissing appellee's notice of opposition and holding that appellant was entitled to register the trade-mark "BAKE-RITE" for use on paper baking pans.

In its application for registration, appellant stated that it had used its trade-mark on its goods since about November 3, 1942.

Appellee is the owner of trade-mark registration No. 346,336, issued May 25, 1937, for the trade-mark "BAKoWARE" for use on "Containers Made From Molded Pulp for Baking or Serving Hot Foods or Liquids."

Appellee alleged in its notice of opposition that it had used its mark long prior to the claimed use by appellant of its trade-mark; that the goods of the parties possessed the same descriptive properties; and that the respective marks of the parties were confusingly similar.

In his decision, the Examiner of Interferences stated that it was apparent from the record that appellee was the first to use its trade-mark on its goods; that the goods of the parties possessed the same descriptive properties; and that the only issue in the case was whether the marks of the parties were confusingly similar.

The Examiner of Interferences further held that the prefix "BAK" or "BAKE," "common to the marks of the parties," is merely descriptive of the character or quality of the goods of the respective parties. He held, however, that the difference between the remaining portions of the marks of the parties—"RITE" in appellant's mark and "oWARE" in appellee's mark—were so dissimilar that confusion in trade was not likely to occur by the concurrent use of the respective marks of the parties on their goods. The examiner, accordingly, dismissed the notice of opposition and held that appellant was entitled to register its mark.

On appeal, the Commissioner of Patents reversed the decision of the Examiner of Interferences, holding that the prefix "BAKE" in appellant's mark and the prefix "BAK" in appellee's mark were merely descriptive of the character or quality of the goods of the respective parties; that the marks of the parties were confusingly similar, whether "either or both" should be considered descriptive "in whole or in part." The commissioner stated, however, that the validity of appellee's registered mark was not open to question in an opposition proceeding. The commissioner also held, ex parte, that the word "BAKE" in appellant's mark was merely descriptive and that as the suffix "RITE" is a phonetic equivalent of the word "right," appellant's mark was merely descriptive of the character or quality of its goods; and that, therefore, the mark was not entitled to be registered and, accordingly, reversed the decision of the Examiner of Interferences.

It is contended here by counsel for appellant that the marks are not confusingly similar, although used on substantially identical goods, and that appellant's mark is not merely descriptive of its goods because it does not describe the "composition or structure" of appellant's paper baking pan but, on the contrary, "refers to a possible result which may be obtained by its use. It does not describe the goods. It is fancifully suggestive; not descriptive."

Appellant's trade-mark does not merely refer to a "possible result which may be obtained by its use." On the contrary, it was intended to convey to the purchasing public that substances used in appellant's paper baking pans would be properly and satisfactorily baked. There is no suggestion in the trade-mark that it might possibly produce good results.

Section 5 of the Trade-Mark Act of February 20, 1905, U.S.C., title 15, sec. 85(b), 15 U.S.C.A. § 85(b), provides that trade-marks may not be registered which are "merely * * * descriptive of the goods with which they are used, or of the character or quality of such goods."

Although several cases are discussed in the brief of counsel for appellant in an attempt to support their argument that appellant's trade-mark is not descriptive, we deem it unnecessary to refer to them here, as they are not helpful in the determination of the issue of descriptiveness here presented.

We are of opinion that appellant's mark "BAKE-RITE" is not merely fanciful or suggestive of appellant's goods but is merely descriptive of the character or quality of its goods in that it describes the result to be obtained by the use of its paper baking pans.

The suffix "RITE", as stated by the Commissioner of Patents, means merely that by the use of appellant's paper baking pans the article to be baked will be properly and satisfactorily baked, a term which any other manufacturer of similar paper baking pans would have a right to so describe its goods.

Owing to our conclusion that appellant's trade-mark is merely descriptive of the character or quality of the goods on which it is used, and as it is not registrable under the Trade-Mark Act of February 20, 1905, and as the purpose of the opposition proceeding was to prevent the registration of appellant's mark, it is unnecessary that we consider the question of the confusing similarity of the marks of the respective parties.

For the reasons stated, the decision of the Commissioner of Patents is affirmed.

Affirmed.

By reason of illness, GARRETT, Presiding Judge, was not present at the argument of this case and did not participate in the decision.